IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

_____
                                                    )
MICHAEL-ZAHIR – DAVID:                )
FLEMING,                                        )
                                                    )
       Plaintiff *pro se*,                           )    Civil Action No. 24-cv-3335-LKG
                                                    )
v.                                                  )    Dated:  July 1, 2025
                                                    )
CORPORATION SERVICE COMPANY,    )
                                                    )
       Defendant.                                )
_____)

## MEMORANDUM OPINION

## I.    INTRODUCTION

    In this civil action, the Plaintiff *pro se*, Michael-Zahir – David: Fleming, challenges the denial of an insurance claim related to certain damages to his home by the Defendant, Liberty Mutual Personal Insurance Company ("Liberty Mutual").[1]  *See generally* ECF No. 1.  Liberty Mutual has filed a renewed partial motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  *See generally* ECF No. 17.  The Plaintiff has also filed a cross-motion for leave to file an amended complaint, pursuant to Fed. R. Civ. P. 15(a).  *See generally* ECF No. 20.  In addition, the Plaintiff has moved to file a corrected version of his proposed amended complaint. *See generally* ECF No. 23.

    Liberty Mutual's renewed partial motion to dismiss and the Plaintiff's cross-motion for leave to amend the complaint have been fully briefed.  ECF Nos. 17, 20, 23 and 24.  No hearing is necessary to resolve the motions.  L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court: (1) **GRANTS-in-PART and DENIES-in-PART** the Defendant's renewed partial motion to dismiss (ECF No. 17); (2) **DENIES** the Plaintiff's cross-motion for leave to amend the complaint (ECF No. 20) as well as the Plaintiff's second motion for leave to amend the complaint (ECF No. 28); (3) **DENIES-as-MOOT** the Plaintiff's motion to withdraw and

_____
[1] While the complaint identifies the Corporation Service Company as the Defendant in this matter, the parties agree that the proper Defendant in this case is Liberty Mutual Insurance Company.  *See generally* ECF Nos. 1 and 17 at 1, n.1.

substitute corrected amended complaint (ECF No. 23); and (4) **DENIES-as-MOOT** the Defendant's partial motion to dismiss the complaint, dated December 31, 2024 (ECF No. 6).

## II.    FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.    Factual Background

In this civil action, Plaintiff Michael-Zahir – David: Fleming challenges Liberty Mutual's decision to deny his insurance claim related to certain damages to his home.  *See generally* ECF No. 1.  In the complaint, the Plaintiff asserts the following 11 claims against Liberty Mutual:  (1) breach of contract (Count I); (2) breach of good faith and fair dealing (Count II); (3) violation of the Unfair Claims Settlement Practices Act (Count III); (4) violation of Section 1983 (42 U.S.C. § 1983) (Count IV); (5) violation of 18 U.S.C. §§ 1341 and 1343 (Count V); (6) intentional infliction of emotional distress (Count VI); (7) violation of the Maryland Consumer Protection Act ("MCPA")(Count VII); (8) negligent misrepresentation (Count VIII); (9) violation of the implied covenant of good faith and fair dealing (Count IX); (10) bad faith insurance policies (Count X); and (11) unjust enrichment (Count XI).  *Id.* at ¶¶ 8-49.  As relief, the Plaintiff seeks, among other things, certain injunctive relief and to recover monetary damages, attorney's fees and costs from Liberty Mutual.  *Id.* at Prayer for Relief.

The Parties

Plaintiff Michael-Zahir – David: Fleming is a resident of the State of Maryland.  ECF No. 1 at ¶ 2.

Defendant Liberty Mutual Personal Insurance Company is an insurance company that is domiciled in Massachusetts and conducts extensive business in the State of Maryland.  ECF No. 1 at ¶ 3.

The Plaintiff's Insurance Claim

As background, the Plaintiff held a homeowners insurance policy with Liberty Mutual (the "Policy").  ECF No. 1 at ¶ 4; ECF No. 17-1 at 2.  In 2021, the Plaintiff filed a claim under the Policy related to certain damage to his home and personal property resulting from a fire that occurred on November 17, 2021.  ECF No. 17-1 at 1.  After an independent certified fire

---

[2] The facts recited in this memorandum opinion are taken from the complaint, the Defendant's partial motion to dismiss and the Plaintiff's response and motion for leave to amend.  ECF Nos. 1, 17 and 23. Unless otherwise stated, the facts recited herein are undisputed.

inspector determined that the fire at the Plaintiff's home was intentionally set, Liberty Mutual denied the insurance claim. *Id.*

Thereafter, the Plaintiff filed a complaint with the Maryland Insurance Administration (the "MIA"), disputing the fire inspector's determination that the fire was intentionally set. *Id.* at 2. The MIA issued a letter finding that Liberty Mutual's determination that the fire was intentionally set was supported by the investigation and that the investigation complied with Maryland's insurance article. *Id.* And so, the Plaintiff requested a *de novo* hearing before the MIA. *Id.*

In the complaint, the Plaintiff alleges that Liberty Mutual "has refused to provide the contractual coverage he was entitled to receive" under the Policy. ECF No. 1 at 2. The Plaintiff also alleges that Liberty Mutual's denial of his insurance claim "contravenes several federal and state statutes designed to protect policy holders from . . . unjust enrichment." *Id*.

The Plaintiff contends that, "[b]y acting arbitrarily and in bad faith, Liberty Mutual has failed to meet [certain] statutory obligations and caused significant financial and emotional harm to [the Plaintiff]." *Id*. at 2-3. And so, the Plaintiff seeks certain injunctive relief and to recover monetary damages, attorney's fees and costs from Liberty Mutual. *Id.* at Prayer for Relief.

### B.    Procedural Background

The Plaintiff commenced this matter on November 18, 2024. ECF No. 1. On December 31, 2024, Liberty Mutual filed a partial motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF Nos. 6 and 6-1. On January 10, 2024, the Plaintiff filed a response in opposition to Liberty Mutual's partial motion to dismiss. ECF No. 11.

On February 4, 2024, Liberty Mutual filed a renewed partial motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF Nos. 17 and 17-1. On February 13, 2025, the Plaintiff filed a response in opposition to Liberty Mutual's renewed partial motion to dismiss and a cross-motion for leave to amend the complaint, pursuant to Fed. R. Civ. P. 15. ECF No. 20.

On February 24, 2025, the Plaintiff filed the proposed amended complaint. ECF No. 22. On March 3, 2025, the Plaintiff filed a motion to withdraw and to substitute a corrected proposed amended complaint. ECF No. 23. On March 12, 2025, Liberty Mutual filed a reply brief. ECF No. 24. On June 13, 2025, the Plaintiff filed a motion to leave to file amended complaint. ECF No. 28. On June 25, 2025, the Defendant filed a response in opposition. ECF No. 29.

The parties' respective motions having been fully briefed, the Court resolves the pending motions.

## III.    LEGAL STANDARDS

### A.    *Pro Se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel.  And so, the Court must construe the complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *see also Bell v. Bank of Am., N.A.*, No. 13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations omitted). And so, if the Plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### B.    Fed. R. Civ. P. 8(a) And 12(b)(6)

Under Fed. R. Civ. P. 8(a), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  (citing *Twombly*, 550 U.S. at 556).

When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . ." *Nemet Chevrolet, Inc,*. 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *GE Inv. Priv. Placement Partners II, L.P. v.*

4

*Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

### C.  Fed. R. Civ. P. 15

Lastly, Fed. R. Civ. P. 15(a)(2) provides that, when a party cannot amend a pleading by right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant or deny leave to amend is within the discretion of the Court, and the Court "should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). But, the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182). In this regard, an amendment is futile "when the proposed amended complaint fails to state a claim." *Van Leer v. Bank Securities, Inc.*, 479 Fed. App'x 475, 479 (4th Cir. 2012). And so, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss." *Cuffee v. Verizon Communications, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citation omitted).

## IV.  LEGAL ANALYSIS

Liberty Mutual has moved to dismiss Counts II, III, IV, V, VI, VII, X and XI of the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), upon the following grounds: (1) the Plaintiff's claims for breach of good faith and fair dealing (Count II), violation of the Unfair Claims Settlement Practices Act (Count III), and bad faith insurance policies (Count X), are defective as a matter of law, because (a) state law governs the actions of insurance companies; (b) Maryland law does not have a cause of action for bad faith against insurers in the first-party; and (c) a claim for failure to act in good faith claim in the adjustment of a claim may only proceed after adjudication of the claim before the MIA; (2) the Plaintiff's Section 1983 claim (Count IV) fails as matter of law, because the Plaintiff does not state that Liberty Mutual was acting under color of law with regards to the conduct alleged in the complaint; (3) the Plaintiff cannot pursue his criminal law claims against Liberty Mutual (Count V); (4) the Plaintiff fails to allege a plausible intentional infliction of emotional distress claim (Count VI); (5) the Plaintiff's MCPA claim (Count VII) fails as a matter of law, because insurance companies are exempt from this law; and (6) the Plaintiff's unjust enrichment claim (Count XI) fails as a matter of law, because there is a

contract between the parties.  ECF No. 17-1 at 4-12.  In addition, Liberty Mutual argues that the Court must dismiss the Plaintiff's damages claims, related to his claims for breach of contract (Count I), negligent misrepresentation (Count VIII) and breach of covenant of good faith and fair dealing (Count IX), because he cannot recover exemplary or non-monetary damages pursuant to these claims.  *See generally* ECF No. 17-1.  And so, Liberty Mutual requests that the Court dismiss Counts II, III, IV, V, VI, VII, X and XI of the complaint and that the Court dismiss the Plaintiff's claims seeking specific performance, punitive damages, treble damages and attorney's fees.  *Id*. at 16.

In his response in opposition to Liberty Mutual's renewed partial motion to dismiss, the Plaintiff argues that the Court should not dismiss the aforementioned claims, because he has sufficiently stated plausible claims for relief in Counts II, III, IV, V, VI, VII, X and XI of the complaint.  *See generally* ECF No. 20.  And so, the Plaintiff requests that the Court deny the Defendant's renewed partial motion to dismiss.  *Id.* at 3.

The Plaintiff has also moved for leave to amend complaint, pursuant to Fed. R. Civ. P. 15 (a).  *Id.* at 7.  Liberty Mutual opposes the Plaintiff's motion for leave to amend the complaint upon the grounds that the proposed amendment would be futile and prejudice Liberty Mutual.  ECF No. 24 at 4.  And so, Liberty Mutual requests that the Court deny the Plaintiff's motion for leave to amend the complaint.  *Id*. at 4.

For the reasons that follow, the evidence before the Court does not show that the dismissal of the Plaintiff's lack of good faith claim is warranted, because the Plaintiff states a plausible claim for breach of covenant of good faith and fair dealing under Maryland law.  But, Liberty Mutual has shown that: (1) the Court must dismiss the Plaintiff's Unfair Claims Settlement Practices Act claim, because this insurance law is governed by state law; (2) the Court must dismiss the Plaintiff's Section 1983 claim, because Liberty Mutual is not a state actor; (3) the Plaintiff cannot pursue his criminal law claims against Liberty Mutual; (4) the complaint lacks sufficient factual allegations to state a plausible claim for intentional infliction of emotional distress under Maryland law; (5) the Court must dismiss the Plaintiff's MCPA claim, because Liberty Mutual is exempt from this law; (6) the Court must dismiss the Plaintiff's bad faith insurance policy claim, because Maryland law does not allow the Plaintiff to bring this claim; and (7) the Court must dismiss the Plaintiff's unjust enrichment claim, because the complaint makes clear that a contract governs the parties' relationship in this case.

Lastly, a careful reading of the Plaintiff's proposed amended complaint shows that the proposed amendments would be futile and not survive a motion to dismiss. And so, the Court: (1) GRANTS-in-PART and DENIES-in-PART the Defendant's renewed partial motion to dismiss the complaint (ECF No. 17); (2) DENIES the Plaintiff's cross-motion for leave to amend the complaint (ECF No. 20); (3) DENIES-as-MOOT the Plaintiff's motion to withdraw and substitute corrected amended complaint (ECF No. 23); and (4) DENIES-as-MOOT the Defendant's partial motion to dismiss the complaint (ECF No. 6).

### A. The Plaintiff States A Plausible Lack Of Good Faith Claim

As an initial matter, the Court is not persuaded by Liberty Mutual's argument that the Court should dismiss the Plaintiff's breach of good faith and fair dealing claim set forth in Count II of the complaint. The Court construes this claim to be a claim for lack of good faith under Maryland law. As Liberty Mutual correctly observes, an insurance claimant can bring a claim for lack of good faith in the adjustment of claims under Maryland law. ECF No. 17-1 at 6; *see also* Md. Code Ann., Cts. & Jud. Proc. § 3-1271. Such claims must first be adjudicated before the Maryland Insurance Administration. Md. Code, Ins. § 27-1001(d)(1) (requiring that, the party's claim must first be filed with the MIA before bringing the claim in a court); ECF No. 17-1 at 7.

There is no dispute in this case that the Plaintiff has an active claim pending before the MIA related to this dispute. ECF No. 20 at 8; ECF No. 17-1 at 2. While Liberty Mutual and the Plaintiff disagree about whether this claim specifically involves a claim for lack of good faith, the evidence before the Court does not establish that the Plaintiff failed to bring a lack of good faith claim before the MIA before commencing this civil action. And so, the Court declines to dismiss Count II of the complaint.

### B. The Court Dismisses The Plaintiff's UCSPA, Section 1983 And Criminal Law Claims

Liberty Mutual is on stronger footing in arguing that the Plaintiff's Unfair Claims Settlement Practices Act, Section 1983 and criminal law claims, set forth in Counts III, IV and V of the complaint, are not plausible. First, to the extent that the Plaintiff bases his Unfair Claims Settlement Practices Act claim upon a violation of federal law, this claim is not plausible. The Unfair Claims Settlement Practice Act prohibits an insurer from misrepresenting certain facts and policy provisions and other unfair conduct regarding an insurance claim. Md. Ins. Code §

7

27-304.  But, Title 15, United States Code, Section 1012(a) makes clear that the business of insurance is generally the subject of state law.  15 U.S.C. § 1012(a).  Given this, the Plaintiff's Unfair Settlement Practices Claim Act claim must be based upon Maryland law, and not federal law, as alleged in the complaint.  ECF No. 1 at ¶ 18. (alleging that claim is based upon federal standards).  And so, the Court dismisses this claim, to the extent that it is based upon a violation of federal law.

The Plaintiff's Section 1983 claim, set forth in Count V of the complaint, is also problematic, because the complaint makes clear that Liberty Mutual is not a state actor.  Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  But there is no dispute that Liberty Mutual is a private insurance company that conducts business in Maryland and the Plaintiff does not allege that Liberty Mutual was acting under color of Maryland law in the complaint.  ECF No. 1 at ¶¶ 3 and 21-23.  And so, the Court also DISMISSES the Plaintiff's Section 1983 claim against Liberty Mutual.

Dismissal of the Plaintiff's federal criminal law claims against Liberty Mutual, set forth in Count V of the complaint, is also warranted, because the Plaintiff cannot pursue these claims. In the complaint, the Plaintiff asserts claims based upon 18 U.S.C. § 1341 and 18 U.S.C. § 1343. *Id.* at ¶¶ 24-26.  But these federal criminal law statutes do not provide for a civil cause of action. "As is well-established, [u]nless there is a clear [legislative] intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute." *Moore v. Scott*, No. CV 24-2210 BAH, 2024 WL 4529268 at *3 (D. Md. Oct. 18, 2024) (internal quotations and citations excluded).  And so, the Court also DISMISSES the Plaintiff's criminal insurance fraud claims.

### E. The Plaintiff's IIED, MCPA And Unjust Enrichment Claims Are Not Plausible

Turning to the Plaintiff's intentional infliction of emotional distress, MCPA and unjust enrichment claims, a careful reading of the complaint makes clear that these claims are also not plausible.  First, the Court agrees with Liberty Mutual that the Plaintiff fails to allege facts that taken as true are sufficient to show extreme and outrageous conduct to support his IIED claim in

8

Count VI of the complaint. "Under Maryland law, the elements of a claim for intentional infliction of emotional distress are: (1) intentional or reckless conduct; (2) extreme and outrageous conduct; and (3) a causal connection between the wrongful conduct and the emotional distress; and (4) severe emotional distress." *Orji v. Citadel Sec., LLC*, No. 8:23-CV-02986-LKG, 2025 WL 860178, at *9 (D. Md. Mar. 19, 2025). But, the Plaintiff has not alleged facts to show such extreme and outrageous conduct on the part of the Liberty Mutual here, because he alleges that Liberty Mutual improperly denied his insurance claim. The Court agrees that the denial of the Plaintiff's insurance claim is not the kind of conduct that would be extreme and outrages and support an IIED claim under Maryland law. ECF No. 1 at 10-11; ECF No. 17-1 at 11. The complaint also lacks factual allegations to show the Plaintiff experienced severe emotional distress as a result of Liberty Mutual's actions. ECF No. 1 at 10-11. And so, the Court also DISMISSES the Plaintiff's IIED claim in Count VI of the complaint.

The Court must also dismiss the Plaintiff's claims under the Maryland Consumer Protection Act and Unjust Enrichment, set forth in Counts VI and XI of the complaint. Liberty Mutual is an insurer and, thus, exempt from the MCPA. *See* Md. Code Ann., Com. Law § 13-104 ("[t]his title does not apply to [an] insurance company authorized to do business in the state"). And so, the Court DISMISSES the Plaintiff's MCPA claim.

The Court also agrees with Liberty Mutual that the Plaintiff's unjust enrichment claim is problematic, to the extent that the parties' insurance contract governs this dispute. It is "settled in Maryland, and elsewhere, that a claim for unjust enrichment may not be brought where the subject matter of the claim is covered by an express contract between the parties." *FLF, Inc. v. World Publications*, 999 F. Supp. 640, 642 (D. Md. 1998). Here, the Plaintiff acknowledges that he entered into four insurance contracts with Liberty Mutual that govern his claims in this case. ECF No. 1 at ¶ 4. Given this, the Court must DISMISS the Plaintiff's unjust enrichment claim, because these contracts preclude the Plaintiff from recovering under an unjust enrichment theory.

### D. The Plaintiff May Not Recover Certain Damages

Turning to the Plaintiff's claims for damages in this action, the complaint also makes clear that the Plaintiff may not pursue claims for punitive damages, specific performance and attorney's fees. First, the award of punitive damages is not appropriate with regards to the Plaintiff's breach of contract claim, set forth in Count I of the complaint, because punitive damages are prohibited in a pure action for breach of contract. *See Miller Building Supply v.*

*Rosen*, 503 A.2d 1344 (Md. 1986).  The complaint also lacks factual allegations that, taken as true, show actual malice.  *See Siegman v. Equitable Trust Co.*, 297 A.2d 758 ("[i]n a tort case where punitive damages are permitted, in order to obtain such an award a plaintiff must prove actual malice or its legal equivalent").  And so, punitive damages are also not appropriate with respect to the Plaintiff's tort claims.

The Plaintiff is also not entitled to receive treble damages.  "Under Maryland law, treble damages are only available by specific statutes.  For example, treble damages may be claimed in cases involving the failure to pay wages under Maryland's Labor and Employment Article."  *See Admiral Mortg., Inc. v. Cooper*, 745 A.2d 1026, 1030 (Md. 2000).  The Plaintiff has not cited to any statute that would allow for the recovery of treble damages in this case.  *See* ECF No. 1 at 17.  And so, the Plaintiff may not recover treble damages.

It is also not clear to the Court that the Plaintiff would be able to recover attorney's fees in this matter.  "Maryland follows the common law American Rule, which states that, generally, a prevailing party is not awarded attorney fees."  *Nova Research, Inc. v. Penske Truck Leasing Co., L.P.*, 952 A.2d 275, 281 (Md. 2008).  There are, however, "four general exceptions to the American Rule: '(1) the parties to a contract have an agreement to that effect, (2) there is a statute that allows the imposition of such fees, (3) the wrongful conduct of a defendant forces a plaintiff into litigation with a third party, or (4) a plaintiff is forced to defend against a malicious prosecution.'"  *Bainbridge St. Elmo Bethesda Apartments, LLC*, 164 A.3d 985 (Md. 2017).  But the Plaintiff has not shown that any of these exceptions would apply here.  Given this, the Court generally agrees with Liberty Mutual that the Plaintiff would not be able to recover attorney's fees in this case.

The Court does not, however, agree with Liberty Mutual's argument that specific performance cannot be a proper remedy in this case.  "Under Maryland law, specific performance is an 'extraordinary equitable remedy which may be granted, in the discretion of the [court], where more traditional remedies, such as damages, are either unavailable or inadequate."  *Yaffe v. Scarlett Place Residential Condo.*, 45 A.3d 844, 858 (2012) (quoting *Archway Motors, Inc. v. Herman*, 378 A.2d 720 (Md. Ct. Spec. App. 1977) (internal quotation marks omitted).  While Liberty Mutual argues that this remedy is not appropriate here, because specific performance is only applicable where traditional remedies do not apply, the Court reads the complaint to at least

10

plausibly seek this relief.  ECF No. 17-1 at 15.  And so, the Court declines to dismiss the Plaintiff's claim for specific performance.

> ### E.   The Court Declines To Grant The Plaintiff Leave To Amend The Complaint

As a final matter, the Court declines to grant the Plaintiff leave to amend the complaint, because the proposed amendment would be futile.  It is well-established that the decision of whether to grant or deny leave to amend is within the discretion of the Court, and the Court "should freely" grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  But, the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182).  And so, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss."  *Cuffee v. Verizon Communications, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citation omitted).

In this case, the Plaintiff's proposed amended complaint does not address or remedy the many deficiencies discussed above with regards to the current complaint.  *See generally* ECF No. 17.  Notably, with the limited exception of adding a new defendant and fraudulent misrepresentation and intentional infliction of emotional distress claims, the factual allegations contained in the proposed amended complaint are essentially identical to the allegations in the complaint.  *See* ECF No. 24 at 2.  Given this, the Court also DENIES the Plaintiff's motion for leave to amend the complaint, because the proposed amendments would be futile.  Fed. R. Civ. P. 15(a).[3]

## V.    CONCLUSION

In sum, the evidence before the Court does not show that the dismissal of the Plaintiff's lack of good faith claim is warranted.  But, Liberty Mutual has shown that the Court should dismiss the USPCA, Section 1983, criminal law, intentional infliction of emotional distress, MCPA, bad faith insurance and unjust enrichment claims.  In addition, a careful reading of the

---

[3] For the same reasons, the Court also DENIES the Plaintiff's second motion for leave to amend the complaint.  ECF No. 28.

Plaintiff's proposed amended complaint shows that the proposed amendments would be futile and not survive a motion to dismiss.  And so, for the foregoing reasons, the Court:

    (1) **GRANTS-in-PART** and **DENIES-in-PART** the Defendant's Partial Motion to Dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 17);

    (2) **DENIES** the Plaintiff's motion for leave to amend the complaint (ECF No. 20), as well as the Plaintiff's second motion for leave to amend the complaint (ECF No. 28);

    (3) **DENIES-as-MOOT** the Defendant's Partial Motion to Dismiss (ECF No. 6); and

    (4) **DENIES-as-MOOT** the Plaintiff's motion to withdraw and substitute corrected amended complaint (ECF No. 23).

**IT IS SO ORDERED.**


                                           s/Lydia Kay Griggsby
                                           LYDIA KAY GRIGGSBY
                                           United States District Judge