IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL-ZAHIR – DAVID: FLEMING, ) ) ) ) | |
| Plaintiff, *pro se*, ) ) | Civil Action No. 24-cv-3335-LKG |
| v. ) ) | Dated:  February 4, 2026 |
| CORPORATION SERVICE COMPANY, ) ) | |
| Defendant. ) ) | |

**MEMORANDUM OPINION AND ORDER**
**ON DEFENDANT'S MOTION FOR RECONSIDERATION**

In this civil action, the Plaintiff *pro se*, Michael-Zahir – David: Fleming, challenges the denial of an insurance claim related to certain damages to his home by the Defendant, Liberty Mutual Personal Insurance Company ("Liberty Mutual").[1] *See generally* ECF No. 1.  On July 1, 2025, the Court granted-in-part and denied-in-part Liberty Mutual's partial motion to dismiss the complaint (the "July 1, 2025, Decision"), pursuant to Fed. R. Civ. P. 12(b)(6).  ECF Nos. 30 and 31.  Liberty Mutual has moved for reconsideration of the Court's July 1, 2025, Decision, pursuant to Fed. R. Civ. P. 54.  ECF No. 32.[2]  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court **DENIES** Liberty Mutual's motion for reconsideration (ECF No. 32).

**Factual Background**

In this civil action, the Plaintiff challenges the denial of an insurance claim related to certain damages to his home Liberty Mutual.  A detailed factual background for the case is set forth in the Court's July 1, 2025, Decision.  ECF No. 30.

---

[1] While the complaint identifies the Corporation Service Company as the Defendant in this matter, the parties agree that the proper Defendant in this case is Liberty Mutual Insurance Company.  *See generally* ECF No. 1.  *See also* ECF No. 17 at 1 n.1.

[2] The Plaintiff has not filed a response to the Defendant's motion for reconsideration.

Relevant to the pending motion for reconsideration, the Court held in the July 1, 2025, Decision, that the Plaintiff states a plausible lack of good faith claim in Count II of the complaint. ECF No. 30 at 7. Specifically, the Court declined to dismiss the Plaintiff's lack of good faith claim, upon the grounds that: (1) the Plaintiff, an insurance claimant, can bring a claim for lack of good faith in the adjustment of claims under Maryland law under Md. Code Ann., Cts. & Jud. Proc. § 3-1701; (2) such claims must first be adjudicated before the Maryland Insurance Administration (the "MIA") under Md. Code, Ins. § 27-1001(d)(1); and (3) the "evidence before the Court did not establish that the Plaintiff failed to bring a lack of good faith claim before the MIA before commencing this civil action." *Id.*

On July 17, 2025, the Office of the Insurance Commissioner within the MIA entered a memorandum opinion and final order on the Plaintiff's administrative complaint filed against Liberty Mutual. ECF No. 32-2. On July 18, 2025, the Plaintiff filed a "Letter of Appeal and Notice for Judicial Review" of that decision with the Circuit Court of Prince George's County, Maryland. ECF No. 32-3.

On August 1, 2025, Liberty Mutual filed its motion for reconsideration, arguing that the Court should reconsider its ruling on Count II of the complaint, because: (1) on July 17, 2025, the MIA entered a memorandum opinion and final order that concluded Liberty Mutual acted with good faith in its handling of Plaintiff's claim; (2) on July 18, 2025, the Plaintiff submitted a "Letter of Appeal and Notice for Judicial Review" to the Circuit Court for Prince George's County seeking review of the final administrative decision of the MIA; and (3) because the Plaintiff has elected to challenge the MIA's decision through the administrative process, he is precluded from pursuing his lack of good faith claim in this Court. ECF No. 32 at ¶¶ 3-5. And so, Liberty Mutual requests that the Court: (1) reconsider its determination on Count II of the complaint and (2) grant Liberty Mutual's motion to dismiss the Plaintiff's lack of good faith claim in Count II of the complaint. The Plaintiff has not filed a response to Liberty Mutual's motion.

**Legal Standards**

**A.  Fed. R. Civ. P. 54(b)**

Fed. R. Civ. P. Rule 54(b) "governs motions for reconsideration of orders that do not constitute final judgments in a case." *In re Marriot Int'l, Inc.*, No. 19-md-2879, 2021 WL

1516028, at *2 (D. Md. Apr. 16, 2021) (citing *Fayetteville Invs. v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991)).  Rule 54(b) provides that:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  The United States Court of Appeals for the Fourth Circuit has not articulated a standard of review for a Rule 54(b) motion for reconsideration, but it has "explained that the restrictive standards of Rule 59(e) and Rule 60(b) motions for reconsideration are not binding for Rule 54(b) motions." *In re Marriot Int'l, Inc.*, 2021 WL 1516028, at *2 (citing *Fayetteville Invs.*, 936 F.2d at 1472).  And so, "a district court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment" with the "goal . . . to reach the correct judgment under law." *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618-19 (D. Md. 2013) (citations omitted).

## Analysis

Liberty Mutual has not shown that reconsideration of the July 1, 2025, Decision is warranted.  In its motion for reconsideration, Liberty Mutual argues that because he has elected to challenge the MIA's decision through the administrative process, the Plaintiff is precluded from pursuing his lack of good faith claim.  ECF No. 32 at ¶¶ 3-5.  While it appears that the Plaintiff did not exhaust his administrative remedies at the time he filed the complaint, the evidence provided by Liberty Mutual in its motion for reconsideration shows that the Plaintiff has since exhausted his administrative remedies with regards to this claim.

A plaintiff who wants to pursue a claim for failure to act in good faith under Section 3–1701 of the Md. Code Ann., Cts. & Jud. Proc., must first exhaust certain administrative remedies.  Md. Code Ann., Ins. § 27–1001 ("[A] person may not bring or pursue an action under § 3–1701 of the Courts Article in a court unless the person complies with this section.").  Given this, "a party may not file an action under [Section 3–1701] before the date of a final decision under § 27–1001 of the Insurance Article." Md. Code Ann., Cts & Jud. Proc., § 3–1701; *see also Thompson v. State Farm Mut. Auto. Ins. Co.*, 9 A.3d 112, 114 (Md. Ct. Spec. App. 2010) ("Before filing a 'civil action' for damages under [Section 3–1701], an insured must file a complaint with the Maryland Insurance Administration (MIA) and obtain a final decision from

3

that agency after a 'paper hearing' or from the Office of Administrative Hearings (OAH) after a contested case hearing."); *Walker v. Ctr. Ins. Co.*, No. 187, Sept. Term, 2021, 2022 WL 541081, at *5 (Md. Ct. Spec. App. Feb. 23, 2022) ("Once [Section 27-1001's] administrative remedies have been exhausted, the aggrieved party may file an action pursuant to § 3-1701."). A decision becomes "final" for exhaustion purposes when: (1) "the Office of Administrative Hearings" holds a contested case hearing and renders "final decision" after a party appeals an "adverse decision" by the MIA; or (2) "[i]f no administrative hearing is requested . . . the decision issued by the [MIA] shall become a final decision." Md. Code Ann., Ins. § 27–1001(f)(1)-(2); *see also Thompson*, 9 A.3d at 114.

In this case, it is undisputed that there was no final decision on the Plaintiff's lack of good faith claim at the time the complaint was filed. Notably, the Plaintiff fails to allege in the complaint that he had exhausted his administrative remedies under Section 27-1001 and that a final decision had been rendered by the MIA, or the Office of Administrative Hearings (the "OAH"), on his Section 3–1701 claim. *See* ECF No. 1 at ¶¶ 13-16. The evidence before the Court also shows that, at the time the Plaintiff filed the complaint, he had already participated in a *de novo* hearing on October 8, 2023, before the OAH and that the OAH had not yet rendered its final decision. *See* ECF No. 32-2 at 1-2; *see also* ECF No. 20 at 8 (Plaintiff arguing that the "MIA is reviewing the claim, which is currently at the appeals stage."). Given this, the Plaintiff had not exhausted his administrative remedies for his lack of good faith claim before filing the complaint in this case. *See* Md. Code Ann., Ins. § 27–1001(c) and (f)(1)-(2). And so, the Court agrees with Liberty Mutual that the Plaintiff failed to state a claim for lack of good faith claim under Section 3–1701 at the time the complaint was filed.

But, the evidence provided by Liberty Mutual in its motion for reconsideration shows that the Plaintiff has now exhausted his administrative remedies. In this regard, the OAH entered a memorandum opinion and final order on the Plaintiff's administrative complaint on July 17, 2025. *See* ECF No. 32-2. Given this final decision, the Plaintiff has now exhausted his administrative remedies for his lack of good faith claim. *See* Md. Code Ann., Ins. § 27–1001(c) and (f)(1)-(2); *see also Thompson*, 9 A.3d at 114 ("Before filing a 'civil action' for damages under [Section 3–1701], an insured must file a complaint with the Maryland Insurance Administration (MIA) and obtain a final decision from that agency after a 'paper hearing' or from the Office of Administrative Hearings (OAH) after a contested case hearing.").

4

Liberty Mutual argues in its motion for reconsideration that the Plaintiff, nonetheless, cannot pursue his lack of good faith claim in this Court, because he has appealed the OAH's decision. *See* ECF No. 32 at ¶¶ 4-5; *see also* ECF No. 32-3 ("Letter of Appeal and Notice for Judicial Review"). But, Section 3–1701 provides that the Plaintiff may pursue a lack of good faith claim after a "final decision under § 27–1001 of the Insurance Article." *See* Md. Code Ann., Cts & Jud. Proc., § 3–1701(c)(1); *see also Thompson*, 9 A.3d at 114 ("Before filing a 'civil action' for damages under [Section 3–1701], an insured must file a complaint with the Maryland Insurance Administration (MIA) and obtain a final decision from that agency after a 'paper hearing' or from the Office of Administrative Hearings (OAH) after a contested case hearing."). Liberty Mutual also provides no authority to support its argument that an appeal of the OAH's "final decision" to a circuit court precludes the Plaintiff from pursuing his lack of good faith claim under Section 3–1701 in this Court. *See* ECF No. 32 at ¶¶ 3-5.[3] Given this, the Plaintiff has exhausted his lack of good faith claim. And so, Liberty Mutual has not shown that the Court should reconsider its holding that the Plaintiff states a plausible lack of good faith claim in Count II of the complaint.

---

[3] Liberty Mutual's reliance on the Letter Order in *Mbanusi v. Liberty Mut. Ins. Co.*, No. 23-0777-DLB (D. Md. April 10, 2025) (ECF No. 94), is misplaced. There, the Court had already dismissed the plaintiff's failure to act in good faith claim, because the plaintiff brought the lawsuit before the OAH had rendered a final decision on the plaintiff's administrative complaint. *Mbanusi v. Liberty Mut. Ins. Co.*, No. 23-0777-DLB (D. Md. Nov. 17, 2023) (ECF No. 18). The Court in the subsequent Order cited by Liberty Mutual held that it "did not have jurisdiction over [the plaintiff's] request for relief," which was to stay the administrative law judge's final order. *See id.* at 2. In this case, the Plaintiff is not asking the Court to stay, or review, the OAH's final decision. *See generally* ECF No. 1. And so, Liberty Mutual does not provide support for its argument that the Plaintiff cannot pursue his lack of in good faith claim in this Court, now that the OAH has rendered a final decision, while separately appealing that decision in the Circuit Court for Prince George's County.

**Conclusion**

For the forgoing reasons, the Court **DENIES** Liberty Mutual's motion for reconsideration of the Court's July 1, 2025, Decision, pursuant to Fed. R. Civ. P. 54 (ECF No. 32).

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
